Law Offices of David M. Dudley
California State Bar Number 118629
3415 South Sepulveda Blvd.
Suite 560
Los Angeles, California 90034
Office:   (310) 772-8400
Fax :     (310) 772-8404
E-Mail:  fedcrimlaw@hotmail.com

ATTORNEY FOR PLAINTIFF SHELIEMA LEWIS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SHELIEMA LEWIS, ) | CIVIL RIGHTS VIOLATION |
| ) | 42 U.S.C. § 1983); CONVERSION |
| Plaintiff, ) | |
| v. ) | Case No.    2:17-CV-7635 |
| CITY OF CULVER CITY, CULVER CITY ) | |
| POLICE DEPARTMENT, SGT. JOHN ) | **COMPLAINT** |
| BENJAMIN; OFFICER JONATHON ) | |
| FLORES; DETECTIVE JOHN PURNELL; ) | PLAINTIFF DEMANDS TRIAL BY JURY |
| SGT. M. VAN HOOK;  AND   DOES 1-100, ) | |
| individually and in their capacity as officers of ) | |
| the Culver City Police Department or other ) | |
| agencies, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**INTRODUCTION**

1.     Plaintiff SHELIEMA LEWIS brings this action against Sgt. John Benjamin, Officer

Jonathon Flores, Detective John Purnell, Sgt. M. Van Hook, DOES 1-100 and the Defendant

City of Culver CITY ("City") and its police department, the Culver City Police Department

("CCPD"), for damages arising out of racial discrimination, unlawful seizure of property, the

taking of property without due process of law, other unconstitutional actions and policies, and a

state and common law claim of conversion.  All of these causes of action arise out of the Culver City Police Department's seizure of United States currency belonging to her on or about July 2, 2016 in or near Culver City, California and the Department and its officers' subsequent refusal to return Plaintiff's money upon her written demand that it return said funds.

**JURISDICTION**

2.     Plaintiff brings this action against Defendants to redress the deprivation of rights secured to her by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983, and the common law.

3.     Plaintiff is a citizen of California. Each defendant is, upon information and belief, a citizen of California. Defendant City is, and at all times mentioned was, a municipal corporation existing by virtue of the laws of the State of California. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1332, and 1343(a) (3), and 42 U.S.C. §1983.

5.     Plaintiff also invokes the supplemental jurisdiction of this Court over her state claims against Defendants for common law violations pursuant to 28 U.S.C. §1367 as the common law claims form part of the same case or controversy.

6.     Venue is proper in this District pursuant to 28 U.S.C. §1391 as the causes of action all occurred in this District.

**PARTIES**

7.     At all times mentioned herein, Plaintiff was a resident of California.

8.     Defendant City operates and governs the Culver City Police Department pursuant to the laws of the State of California.

2

9.     Defendants Benjamin, Flores, Purnell, Van Hook, and DOES 1-50 are sued both individually and in their official capacity. At all times pertinent hereto, Defendants were employed by the Culver City Police Department.

10.     Defendants DOES 1-50 were acting as police officers in the scope of their employment for Defendant City at those times mentioned herein and at other times.  Defendants at still other times acted beyond the scope of their employment.

11.     At the time of the alleged incident and at all times pertinent hereto, Defendants acted under color of law, statute, ordinance, regulation, custom, or other governmental authority.

12.     On January 3, 2017 a timely Claim for Damages was served on the City of Culver City. Plaintiff received notice of Defendant City's denial of that claim on April 21, 2017.

**FACTS**

13.     Plaintiff is an African-American female and Defendants are predominantly Caucasian officers.

14.     In early July 2016, Plaintiff possessed $240,000.00 in U.S. currency at a Public Storage locker that she was renting in Culver City, California.

15.      On or about July 2, 2016, Plaintiff's storage locker was burglarized, along with several other lockers at that Public Storage facility.

16.     Shortly after the burglary, officers of the Culver City Police Department apprehended the burglar and seized some of the items he had taken from those lockers.

17.     Among those items was the U.S. currency belonging to Plaintiff.

18.     Through her attorney, Plaintiff on July 5, 2016 notified the Culver City Police Department that said U.S. currency had been taken from her storage locker during the burglary and that Plaintiff was informed and believed that the currency was presently in their possession.

19.     Officers of the Culver City Police Department acknowledged to Plaintiff that they had seized a large amount of currency from the suspected burglar but denied that it was the precise amount that Plaintiff had lost.

20.      On November 9, 2016, Plaintiff sent the Culver City Police Department a written demand for return of the currency that its officers had effectively seized from Plaintiff.

21.     To this date, Plaintiff has never received a response to that demand.

22.     The criminal case filed against the burglar, which resulted in his conviction, was completed by late 2016.

23.     Plaintiff has never received a forfeiture or seizure notice from the Culver City Police Department or any other governmental authority.

24.     Defendants have not produced any warrant or court order allowing them to keep Plaintiff's U.S. Currency.

25.     Defendants acted with actual malice toward Plaintiff and with willful and wanton indifference to, and deliberate disregard for, the statutory and constitutional rights of Plaintiff.

26.     Defendants' actions constitute racial discrimination, unlawful seizure of assets, and a taking of property without due process of law.

27.     Upon information and belief, at all times pertinent hereto, Defendant City permitted and tolerated a pattern and practice of racial discrimination, unreasonable seizures, and unlawful takings of property by its police department, Culver City Police Department.

28.     Upon information and belief, Defendant City has maintained a system of review of police conduct through its departments, including Internal Affairs, which is so untimely and cursory as to be ineffective and to permit and tolerate the unreasonable denial of Constitutional rights by its police officers.

29.     The acts, omissions, systemic flaws, policies, and customs of Defendant City caused police officers to believe that their misconduct, abuse of power, and denial of civilian rights

would not be aggressively, honestly, and properly investigated, with the foreseeable result that officers are more likely to deny the civil rights of Plaintiff and others in the future.

30.     As a direct and proximate result of the acts and omissions of defendants, Plaintiff suffered a financial loss of $240,000.00.

**COUNT I:  VIOLATION OF CONSTITUTIONAL RIGHTS UNDER § 1983**

31.     Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 30.

32.     The intentional racial discrimination, unlawful seizure of assets, and unconstitutional taking of property without due process of law effected by Defendants toward Plaintiff violated the rights of Plaintiff as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, for which the specifically named Defendant officers, along with DOES 1-100, are individually liable.   And Defendant City is liable for tolerating such misconduct.

**COUNT II:  CONVERSION**

33.     Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 32.

34.     At all times herein mentioned, and in particular on or about July 2, 2016, Plaintiff was, and still is, entitled to the possession of the $240,000.00 in U.S. Currency, which she had secured at her Public Storage locker in Culver City, California.

35.     On or about July 2, 2016, Defendants took the above-mentioned property from Plaintiff's possession and converted the same to their own use.

36.     On or about November 9, 2016, Plaintiff demanded the immediate return of the above-mentioned property but Defendants failed and refused to return that property, and continue to fail and refuse to return the property, to Plaintiff.

37.     .As a proximate result of Defendants' conversion, Plaintiff suffered the following damages which are the natural, reasonable, and proximate results of the conversion: $240,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment against the Defendants and award Plaintiff:

a.)  Monetary damages for the lost U.S. Currency;

b.)  Punitive damages for the ongoing racial discrimination and other practices of the Culver City which violate the Constitutional Rights of individual citizens;

c.)  Costs of this action, including reasonable attorney fees to the Plaintiff pursuant to The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. §1988 (1976); and

d.)  Such other and further relief as the court may deem appropriate.

Dated this 18th day of October 2017.

__w/David M. Dudley_____
David M. Dudley
California State Bar Number 118629
3415 South Sepulveda Blvd.
Suite 560
Los Angeles, California 90034
Office:  (310) 772-8400
Fax:      (310) 772-8404
E-Mail:  fedcrimlaw@hotmail.com
ATTORNEY FOR PLAINTIFF SHELIEMA LEWIS