O

# United States District Court
# Central District of California

| | |
|---|---|
| SHELIEMA LEWIS,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF CULVER CITY; CULVER CITY POLICE DEPARTMENT; SGT. JOHN BENJAMIN; OFFICER JONATHON FLORES; DETECTIVE JOHN PURNELL; SGT. M. VAN HOOK; AND DOES 1-100, individually and in their capacity as officers of the Culver City Police Department or other agencies,<br><br>        Defendants. | Case № 2:17-CV-07635-ODW-SS<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [20]** |

## I. INTRODUCTION

Plaintiff Sheliema Lewis brings this action against against Defendants Culver City (the "City"), Culver City Police Department ("CCPD"), Sergeant John Benjamin, Officer Jonathon Flores, Detective John Purnell, and Sergeant M. Van Hook (collectively, "Defendants") for: (1) violation of the Fourth, Fifth, and Fourteenth Amendments under 42 U.S.C. § 1983; and (2) conversion. (*See generally* Compl., ECF No. 2.)

Defendants moved to dismiss Plaintiff's Complaint in its entirety for failure to state a claim. (Mot., ECF. No. 20.) For the reasons discussed below, the Court **GRANTS** Defendants' Motion.[1]

## II. FACTUAL BACKGROUND[2]

Plaintiff is an African-American female. (Compl. ¶ 13.) On July 2, 2016, a burglar stole $240,000 in cash from Plaintiff's rented Public Storage locker. (*Id.* ¶¶ 14–15.) Shortly after the burglary, the Culver City Police Department apprehended the burglar and seized some of the stolen items, including Plaintiff's cash. (*Id.* ¶ 16.) The burglar was later convicted of the burglary in 2016. (*Id.* ¶ 22.)

On July 5, 2016, Plaintiff notified Defendants through her attorney that the cash had been taken from her locker. (*Id.* ¶ 18.) Defendants told Plaintiff that they had seized a large amount of cash from the burglar but denied that they seized $240,000. (*Id.* ¶ 19.) On November 9, 2016, Plaintiff sent Defendants a written demand for the return of $240,000 in cash. (*Id.* ¶ 20.) Defendants did not respond. (*Id.* ¶ 21.)

## III. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) is proper where the plaintiff fails to allege a cognizable legal theory or where there is an absence of sufficient facts alleged under a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted.)

Generally, a court should freely give leave to amend a complaint that has been dismissed, even if not requested by the party. *See* Fed. R. Civ. P. 15(a); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). However, a court may deny

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

[2] All factual references are allegations taken from Plaintiff's Complaint (Compl., ECF No. 2) and accepted as true for purposes of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

leave to amend when it "determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV. DISCUSSION

**A. Plaintiff's Section 1983 Claim**

Defendants argue that dismissal of Plaintiff's § 1983 claim is appropriate because Plaintiff has failed to allege sufficient facts showing that her rights were violated. (Mot. 1–4.) Additionally, Defendants contend that Plaintiff's claims against the City and CCPD are defective because she has not alleged that a municipal custom or policy caused the deprivation of her rights.

"To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law [and] (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Here, Plaintiff's § 1983 claim is based on purported violations of the Fourth, Fifth, and Fourteenth Amendments. (*See* Compl. ¶¶ 31–32.) The Court will discuss each theory in turn.

### 1. Fourth Amendment

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." Whether a seizure is lawful under the Fourth Amendment depends on whether there were reasonable grounds for suspicion at the time of the seizure. *United States v. Mendenhall*, 446 U.S. 544, 571 (1980). "Protection of privacy . . . was then and is now the touchstone of the Fourth Amendment." *Vernonia School Dist. 47J v. Acton*, 515 U.S. 646, 671 (1995).

Plaintiff contends that Defendants violated the Fourth Amendment through their "intentional police seizure and continued possession of her property." (*See* Opp'n 6.) However, Defendants did not seize Plaintiff's property in the traditional sense of the Fourth Amendment, as the cash was not in her possession at the time Defendants

3

obtained it. (*See* Compl. ¶ 16.) Moreover, there is no question that Defendants' initial seizure of the property was lawful as it was conducted in connection with a lawful arrest. Rather, the only complained-of harm at issue is Defendants' retention and refusal to return the property to Plaintiff. But Plaintiff cites to no authority to support her proposition that Defendants violated the Fourth Amendment by refusing to return her lawfully seized property.[3]

In related contexts, other circuits have held that a police officer's retention of lawfully seized property alone does not violate the Fourth Amendment. *See Jessop v. City of Fresno*, No. 3:14-cv-2659-CAB-RBB, 2017 WL 3264039, at *7 (E.D. Cal. Aug. 1, 2017) (collecting cases). For example, in *Case v. Eslinger*, the Eleventh Circuit held that "if an initial seizure of property by officers constituted an illegal seizure then 'certainly the continued retention of . . . [that] property . . . would be a constitutional violation as well.'" 555 F.3d 1317, 1330 (11th Cir. 2009) (alterations in original) (quoting *Bruce v. Beary*, 498, F.3d 1232, 1248 (11th Cir. 2007)). However, if the property was seized lawfully, there could be no Fourth Amendment violation. *Id.* Instead, continued retention of legally seized property would raise an issue of procedural due process under the Fourteenth Amendment. *Id.* at 1330–31; *see also Lee v. City of Chicago*, 330 F.3d 456, 458–59 (7th Cir. 2003) (finding that conditioning the return of plaintiff's lawfully impounded car on the payment of fees did not violate the Fourth Amendment); *Barker v. Norman*, 651 F.2d 1107, 1131 (5th Cir. 1981) (finding a triable issue as to whether police officer's retention of lawfully seized property violated the Fourth Amendment); *Fox v. Van Oosterum*, 176 F.3d 342, 351 (6th Cir. 1999) (Fourth Amendment only protects an individual's interest in retaining property).

The Court finds *Case* persuasive. The Fourth Amendment is generally interpreted as protecting "two different interests of the citizen—the interest in

---

[3] Plaintiff only cites the Ninth Circuit Model Jury Instructions 9.18 and 9.19. Those instructions relate to searches and seizures, not the retention of property.

retaining possession of property and the interest in maintaining personal privacy." *Texas v. Brown*, 460 U.S. 730, 744 (1983) (Stevens, J., concurring). Defendants' continued possession and refusal to return the property to Plaintiff implicates neither interest.

Moreover, even if the Court assumes that the Fourth Amendment prohibits Defendants from continuing to hold onto Plaintiff's property, the Fourth Amendment certainly does not require Defendants to turn over stolen property to anyone without first verifying that the person requesting the property is the rightful owner. Plaintiff's Complaint lacks any allegation that she provided Defendants with any proof of ownership of the cash she claimed was hers. Plaintiff only alleges that after the burglar was arrested on July 2, 2016, she "notified the [CCPD on July 5, 2016] that said U.S. currency had been taken from her storage locker during the burglary" and "sent a written demand for return of the currency" on November 9, 2016. (Compl. ¶¶ 18, 20.) But a written demand letter does not amount to proof of ownership. Moreover, Defendants noted that the amount of cash they seized from the burglar differed from the amount Plaintiff claimed was stolen. Plaintiff's allegations are insufficient to state a plausible claim for relief under the Fourth Amendment.

*2. Fifth Amendment*

As an initial matter, Plaintiff does not address her Fifth Amendment claim in her opposition. Her failure to address the issue is alone grounds for dismissing the claim. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995); *see also Silva v. U.S. Bancorp*, No. 5:10-cv-01854-JHN-PJWx, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011) (finding that plaintiff concedes his claim by failing to address defendants' arguments). Nevertheless, even if the Court considers the claim on the merits, Plaintiff cannot state a claim under the Fifth Amendment.

The Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property without due process of law . . . ." It is well established that the Fifth Amendment Due Process Clause does not apply to a local government entity or

its employees because the Fifth Amendment due process clause only applies to the federal government. *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001). Because none of the Defendants are federal entities, Plaintiff fails to state a claim under the Fifth Amendment Due Process Clause.

The Fifth Amendment also provides that "private property [shall not] be taken for public use, without just compensation." To the extent Plaintiff relies on this clause (*see* Compl. ¶¶ 27, 32), she has not shown that Defendants' retention of her property constitutes a taking under the Fifth Amendment. Even if the Court assumes it was a taking, *arguendo*, plaintiffs generally are required to first seek compensation through state procedures before bringing a federal takings claim. *See Ventura Mobilehome Cmtys. Owners Ass'n v. City of San Buenaventura*, 371 F.3d 1046, 1053 & n.7 (9th Cir. 2004); *see also Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194–94 (1985). Plaintiff has not done so. She has not stated a claim under the Fifth Amendment.

### 3. *Fourteenth Amendment*

Plaintiff alleges that Defendants violated the Fourteenth Amendment Equal Protection Clause and Due Process Clause. (Compl. ¶¶ 26, 32.)

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. *See Lee*, 250 F.3d at 686 (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on her membership in a protected class. *Id.* Alternatively, an equal protection plaintiff may also succeed by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).

Here, Plaintiff makes no factual allegations to support her racial discrimination claim other than her allegation that she is a member of a protected class. (Compl.

¶ 13.) Plaintiff contends that Defendants intentionally discriminated against her on the basis of race, but she offers no facts to support her conclusion. (*See id.* ¶¶ 26–27.) On a motion to dismiss, the Court does not "accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citation and quotation marks omitted).

The Court also notes that Plaintiff failed to identify the specific acts committed by each individual defendant that violated her rights. In *Kwai Fun Wong v. United States*, 373 F.3d 952, 966 (9th Cir. 2004), the Ninth Circuit dismissed a complaint for failure to state a claim because the plaintiff failed "to identify what role, if any, each individual defendant had in" violating the plaintiff's rights. Although direct personal participation is not necessary to establish liability, *see Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978), Plaintiff must at least allege enough facts to show that "it was reasonably foreseeable that the actions of the particular [police officers] who are named as defendants would lead to the rights violations alleged." *Kwai Fun Wong*, 373 F.3d at 966. Plaintiff's failure to identify what each individual defendant actually did is similarly fatal to her claim.

As for her due process claim, Plaintiff concedes that she has not sufficiently alleged a denial of procedural due process and would need to amend her complaint. *See* Opp'n 7–8.

4. *Municipal Liability*

Municipalities and other local governing bodies can only be held liable for the acts of its employees under § 1983 where it is shown that "the action [ ] alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Specifically, a plaintiff must allege one of the following: "(1) that a [municipal] employee was acting pursuant to an expressly adopted official policy; (2) that a [municipal] employee was acting pursuant to a

longstanding practice or custom; or (3) that a [municipal] employee was acting as a 'final policymaker.'" *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004).

Defendants argue that Plaintiff fails to state a claim against the City and the CCPD because Plaintiff's factual allegations are too conclusory to meet the pleading requirements. The Court agrees.

Plaintiff alleges that the City "permitted and tolerated a pattern and practice of racial discrimination, unreasonable seizures, and unlawful takings of property by [the CCPD]." (Compl. ¶ 27.) She further alleges that the City "has maintained a system of review of police conduct through its departments . . . [that] permit[s] and tolerate[s] the unreasonable denial of Constitutional rights by its police officers." (*Id.* ¶ 28.) In her opposition, Plaintiff argues that the individual Defendant officers were acting as "final policymakers by refusing to return to her the money that she was claiming." (Opp'n 9.) These allegations, however, are conclusory and insufficient to establish either an expressly adopted official policy or a longstanding practice or custom. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Plaintiff must allege facts, not conclusions, to support her allegations. Thus, Plaintiff has failed to state a claim upon which relief can be granted under § 1983.

**B.     Conversion**

Plaintiff alleges that Defendants are liable for conversion because they refused to return her property after she requested its return. (Compl. ¶¶ 35–36.) Defendants argue that California law requires Plaintiff to provide proof of ownership before the stolen property can be returned to her and Plaintiff did not provide such proof. (Mot. 7–8.)

"Conversion is the wrongful exercise of dominion over the property of another." *Burlesci v. Petersen*, 68 Cal. App. 4th 1062, 1066 (1998). Therefore, to state a claim for conversion, Plaintiff must show that Defendants' retention of her property was wrongful.

Under California law, police officers are required to hold stolen property that comes into their custody. Cal. Pen. Code § 1407. However, the officer's possession of the property is "subject to the provisions of [the California Penal Code] relating to the disposal thereof." *Id.* As relevant here, Penal Code § 1413(b) permits "[t]he clerk or person in charge of the property . . . upon satisfactory proof of the ownership of the property held pursuant to Section 1407, and upon presentation of proper personal identification, deliver [the property] to the owner." The owner of the property may also, "[o]n application of the owner and on satisfactory proof of his ownership of the property," petition a magistrate in state court to issue an order entitling her to "demand and receive" the property. Cal. Pen. Code § 1408.

The parties dispute whether Plaintiff satisfied the proof requirement of § 1413(b). (*See* Mot. 9; Opp'n 10.) Plaintiff argues that this is a question of fact that should not be decided on a motion to dismiss. (*See* Opp'n 10.) Whether an offer of proof is "satisfactory" may well be a question of fact, but Plaintiff still must allege facts to show that she made such an offer. As stated above, a written demand is not proof of ownership. Plaintiff's written demand may *contain* proof of ownership, but Plaintiff's Complaint contains no factual allegations regarding what proof she offered. Moreover, § 1413(b) also requires "presentation of proper personal identification" before the property can be turned over and Plaintiff made no allegations relating to that requirement. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss.

///
///
///
///
///
///
///
///

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to Dismiss, with leave to amend. (ECF No. 20.) Should Plaintiff wish to file an amended complaint, she must do so within twenty-one days of the date of this Order. She must also lodge with the Court, and serve on the Defendants, a redlined copy of the amended pleading so that the Court can decipher the amendments to her complaint.

**IT IS SO ORDERED.**

March 19, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**