**O**
**JS-6**

# United States District Court
# Central District of California

| | |
|---|---|
| SHELIEMA LEWIS,<br><br>            Plaintiff,<br><br>    v.<br><br>CITY OF CULVER CITY; CULVER CITY POLICE DEPARTMENT; SGT. JOHN BENJAMIN; OFFICER JONATHON FLORES; DETECTIVE JOHN PURNELL; SGT. M. VAN HOOK; AND DOES 1-100, individually and in their capacity as officers of the Culver City Police Department or other agencies,<br><br>            Defendants. | Case № 2:17-CV-07635-ODW-SS<br><br>**ORDER DISMISSING CASE** |

## I. INTRODUCTION

Plaintiff Sheliema Lewis brings this action against Defendants Culver City (the "City"), Culver City Police Department ("CCPD"), Sergeant John Benjamin, Officer Jonathon Flores, Detective John Purnell, and Sergeant M. Van Hook (collectively, "Defendants") for: (1) violation of the Fourth, Fifth, and Fourteenth Amendments under 42 U.S.C. § 1983; and (2) conversion. (*See generally* Compl., ECF No. 2.) Defendants moved to dismiss Plaintiff's Complaint in its entirety for failure to state a claim. (Mot., ECF. No. 20.) On March 19, 2018, the Court dismissed Plaintiff's

Complaint, with leave to amend. (Order, ECF No. 26.) The Court ordered that Plaintiff must amend her complaint within twenty-one days of the date of the Order. (*Id.*) That deadline has passed, and Plaintiff never filed an amended complaint. For the reasons below, the Court **DISMISSES** this action.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) allows a party, or the Court, to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order…." "Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim." *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999). The Ninth Circuit reviews a dismissal under these rules for abuse of discretion. *Id.*

Here, the Court granted Plaintiff twenty-one days to amend from the date of its Order dismissing her Complaint. (Order 10.) It is now nine days past the deadline to amend, and she has not filed an amended complaint.

When dismissing an action for failure to comply with a court order, the Court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir.1998) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)). The Ninth Circuit affirms "a dismissal where at least four factors support dismissal, …or where at least three factors 'strongly' support dismissal." *Yourish*, 191 F.3d at 990 (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992)). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and [the appeals court] may review the record

1 independently to determine if the district court has abused its discretion." *Ferdik*, 963
2 F.2d at 1261.

3 The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish*, 191 F.3d at 990 (first factor always weighs in favor of dismissal); *Hernandez*, 138 F.3d at 401 (fourth factor always weighs against dismissal). Here, the second factor weighs in favor of dismissal. The Court must manage its docket to ensure the efficient provision of justice.

The third factor addresses the potential risk of prejudice to the defendants. Here, the risk of prejudice to the defendants is slight, to non-existent. If, after the Court dismisses the action, Plaintiff does not seek reconsideration or other relief, then Defendants will have won. In the event that she does seek reconsideration, and the Court grants it, Defendants may continue to defend the action.

As for the availability of less drastic sanctions, Plaintiff's failure to file an amended complaint, or seek other relief, weighs in favor of dismissal. The Court provided her adequate time to draft and file an amended complaint. Plaintiff is represented by counsel in this case, and thus cannot claim ignorance of deadlines or procedural requirements. More than a week has passed since the deadline for Plaintiff to amend her Complaint, but she still has not sought relief from the Court.

On balance, the factors set forth in *Hernandez* weigh in favor of dismissing this action. *Yourish*, 191 F.3d at 990.

///
///
///
///
///
///
///
///

### III.  CONCLUSION

For the reasons discussed above, the Court **DISMISSES** this action with prejudice.

**IT IS SO ORDERED.**

April 18, 2018

```
                                    _____
                                         OTIS D. WRIGHT, II
                                    UNITED STATES DISTRICT JUDGE
```